UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:14-cr-00096-SEB-TAB-08 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| DAVID LYNN BELL | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:14-cr-00096-SEB-TAB |
| ) | |
| DAVID LYNN BELL, ) -08 | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant David Lynn Bell seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Bell's motions are **denied**.

**I. Background**

In 2016, a jury convicted Mr. Bell of one count of conspiracy to distribute 500 grams or more of methamphetamine mixture (class A felony), in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, and 851, and one count of unlawful use of communication facility, in violation of 21 U.S.C. §§ 843(b) and 851. Dkt. 920. As summarized by the Seventh Circuit, Mr. Bell was "involved in a vast methamphetamine-distribution conspiracy in and around North Vernon, Indiana from October 2013 through May 2014." *United States v. Maggard*, 865 F.3d 960, 964 (7th Cir. 2017). One of the other members of the conspiracy, Mr. Maggard, regularly dealt methamphetamine to Mr. Bell, who then resold that methamphetamine to other customers. On at least some of these deals, Mr. Bell acted as a middleman, locating buyers for Mr. Maggard who would purchase methamphetamine from his suppliers for Mr. Bell's buyers. Mr. Maggard and Mr. Bell often discussed the details of these transactions on the phone and through text messages. And on at least

one occasion, Mr. Bell joined Mr. Maggard on his trip to purchase methamphetamine from a supplier.

During the course of the prosecution, the United States filed an information pursuant to 21 U.S.C. § 851 alleging that Mr. Bell had previously been convicted of two felony drug offenses. Dkt. 683. As a result, a life sentence was the mandatory minimum sentence under the law as it existed at the time, 21 U.S.C. § 841(b)(1)(A) (eff. Aug. 3, 2010, to Dec. 20, 2018), and the Court imposed a life sentence, dkt. 920.

Mr. Bell filed his initial motion for compassionate release pro se. Dkt. 1230. The Court appointed counsel, dkt. 1233, and counsel filed an amended motion for compassionate release, dkt. 1252. In his submissions, Mr. Bell argues that he establishes extraordinary and compelling reasons for compassionate release because he suffers from medical conditions from which he is unlikely to recover which affect his ability to provide self-care in prison, and because those conditions also increase the likelihood that he will become severely ill if he were to contract COVID-19. Mr. Bell further argues that due to changes to certain mandatory minimums and qualifying predicate offenses, if he were sentenced today, he would likely receive a shorter sentence. The United States filed a brief in opposition to the motion, dkt. 1258, and Mr. Bell filed a reply, dkt. 1267. Thus, the motions are now ripe.

**II. Discussion**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad

3

discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Bell suffers from several serious medical conditions, including, but not limited to, stage 4 kidney disease, diabetes, heart failure, progressive vision loss and angina pectoris. Dkt. 1252 at 7-10. While it does not appear to the Court that Mr. Bell has met his burden to show that he is unable to provide self-care in prison as a result of these conditions, *see generally* dkt. 1252, the Court will nevertheless assume without deciding that he has done so and thereby established an extraordinary and compelling reason to potentially warranting compassionate release.[1]

This does not end the analysis, however, because the Court finds that the applicable § 3553(a) sentencing factors weigh against granting Mr. Bell's request for compassionate release. The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the

---

[1] The Court notes that Mr. Bell's argument regarding the potential sentencing disparity between the sentence he received as compared to the sentence he might receive if sentenced today, is not an extraordinary and compelling reason to grant compassionate release. *See United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (cleaned up) ("When deciding whether 'extraordinary and compelling reasons', 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions…There's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255.").

defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. Bell's motion.

Weighing in Mr. Bell's favor, he has completed many BOP classes and programs, including substance abuse classes. Dkt. 1252 at 16. He has only one disciplinary infraction during his time in BOP custody and has been rated a low risk for recidivism. Id. at 16-17. Mr. Bell plans to reside with a longtime family friend and pastor if he is released. Id. at 17.

Weighing heavily against him, however, Mr. Bell committed a serious crime. While he has had only one disciplinary infraction in prison, the infraction was for possessing a dangerous weapon. Dkt. 1252-5. As of at least June 2021, Mr. Bell was classified as high security by the BOP. Dkt. 1252-4. Mr. Bell has a substantial criminal history, including several felonies and multiple instances of his probation being revoked. Dkt. 826. Finally, even if the Court were to accept Mr. Bell's contention that he would be subject to a 15-year mandatory minimum if sentenced today, dkt. 1252 at 11, he has still only completed slightly more than half of that term. Thus, releasing him now would be a substantial reduction.

In light of these considerations, the Court finds that releasing Mr. Bell now would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes.

*See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III. Conclusion

For the reasons stated above, Mr. Bell's motions for compassionate release, dkts. [1230] and [1252], are **denied.**

**IT IS SO ORDERED.**

Date: 9/9/2022

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel